UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YOLANDA CAMILUS,

        Plaintiff,

v.                                            Case No: 6:23-cv-2290-PGB-RMN

SCOTTSDALE INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This cause is before the Court on Defendant Scottsdale Insurance Company's ("**Defendant**") Unopposed Motion to Compel Appraisal and Abate Litigation (Doc. 4 (the "**Motion**")). For the reasons described below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Yolanda Camilus ("**Plaintiff**") filed the instant suit on October 25, 2023, alleging that her property was insured under a homeowner's insurance policy issued by Defendant when it sustained water damage as a result of Hurricane Ian. (Doc. 1-1, ¶¶ 5–8). Plaintiff contends Defendant breached its insurance contract with Plaintiff by failing to pay the amounts Plaintiff requested to repair this damage. (*Id.* ¶ 11).

Now, in its Motion, Defendant requests that this Court abate the action pending completion of the appraisal process set forth in the parties' insurance

contract and additionally requests that the Court order that this appraisal be itemized. (Doc. 4, pp. 1, 4). The Motion is titled as unopposed and indicates that Plaintiff does not object to entering an appraisal. (*Id.* at pp. 1, 5). However, the Motion does not expressly state whether Plaintiff objects to abating the action so that the parties may undergo this appraisal. *(See id.)*. Moreover, the Motion indicates that Plaintiff objects to Defendant's request that the appraisal be itemized. (*Id.* at p. 5). Plaintiff did not file a response to the Motion, and the time to do so has passed. As such, the matter is ripe for review.

## II.    LEGAL STANDARD

Under Florida law, when a court interprets an insurance contract, "the language of the policy is the most important factor." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 537 (Fla. 2005). As such, in interpreting insurance contracts, courts are not permitted to "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Id.* at 532 (internal citation and internal quotation marks omitted).

For this reason, where an insurance policy sets forth the general procedure for conducting an appraisal, and that procedure does not specify that the appraisal must be itemized, a court may not compel that the appraisal be itemized over the objection of one of the contracting parties. *White Surf Condo. Mgmt. Ass'n v. Lexington Ins. Co.*, No. 6:17-cv-1203-Orl-40TBS, 2017 WL 10084143, at *1–2 (M.D. Fla. Aug. 10, 2017) (holding that there was no basis for the court to compel that an appraisal be itemized in the absence of specific language in the insurance

2

policy requiring same); *see Barcelo v. Scottsdale Ins. Co.*, No. 21-22526-CIV, 2017 WL 100854143, *1–2 (S.D. Fla. Dec. 30, 2021) (denying the instant Defendant's—Scottsdale Insurance Company's—request that the court compel an itemized appraisal under its insurance contract because the "plain language" of this contract did not specify that an appraisal would be itemized and the court was therefore "bound to enforce the terms of the insurance policy as written").

Further, in the absence of an objection, courts frequently grant motions to abate actions involving insurance disputes so that the parties may undergo the appraisal process that is set forth in the underlying insurance contract. *See, e.g.*, *Marram Corp. v. Scottsdale Ins. Co.*, No. 2:18-cv-204-FtM-38MRM, 2018 WL 43333618, *1 (M.D. Fla. Sept. 11, 2018) (abating such an action "pending completion of the appraisal process" after noting the absence of objections to the magistrate judge's report recommending such abatement); *see also White Surf*, 2017 WL 10084143, at *1 (noting the parties' agreement to stay the action until the appraisal process was completed and finding good cause for such a stay, since the appraisal may "obviate the need for this litigation entirely").

### III. DISCUSSION

Here, Defendant's policy language provides the general procedure for conducting the appraisal at issue.[1] (*See* Doc. 4, p. 2). However, nowhere does this

---

[1] While Defendant represents in its Motion that the relevant policy containing the language regarding appraisal has been attached as Exhibit "A" to the Motion, no such exhibit was attached. (*See* Doc. 4, p. 2). However, in the Motion, Defendant appears to set forth the policy language regarding appraisal in full. (*See id.*). As such, in ruling, the Court looks to the language regarding appraisal as set forth in the body of the Motion, which reads as follows:

language require or otherwise suggest that the appraisal should be itemized. (*See id.*). Accordingly, the Court will not "read in" a requirement that the appraisal be itemized and compel such itemization over the objection of Plaintiff, one of the contracting parties. *See White Surf*, 2017 WL 10084143, at *1–2; *Barcel*, 2017 WL 100854143, at *1–2.

However, given Plaintiff's apparent lack of objection to abating the action, the Court finds good cause to abate the action until the conclusion of the appraisal process, as Florida district courts have done under similar circumstances. *See, e.g.*, *Marram Corp.*, 2018 WL 43333618, at *1; *see also White Surf*, 2017 WL 10084143, at *1.

## IV.   CONCLUSION

For the aforementioned reasons, the Court grants Defendant's request for an abatement of this action pending the completion of the appraisal process set

---

F. Appraisal:

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be set the amount of loss. Each party will: (1) Pay its own chosen appraiser; and (2) Bear the other expenses of the appraisal and umpire equally.

(*Id.*).

forth in the relevant policy. However, the Court denies Defendant's request that the Court order that this appraisal be itemized.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Unopposed Motion to Compel Appraisal and Abate Litigation (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART**.

2. This action is **ABATED** pending completion of the appraisal process. All deadlines are **STAYED** until the completion of that process. The Clerk of Court is **DIRECTED** to administratively close the file.

3. The parties shall file joint status reports regarding the progress of the appraisal every sixty (60) days hereafter. The parties shall further file a status report updating the Court upon the completion of the appraisal process.

4. Defendant's request that this Court order that the appraisal be itemized is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 16, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties